# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                  No. 10-CR-1005 WJ

GERALD BEGAY,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

THIS MATTER comes before the Court upon Defendant's Motion to Suppress Involuntary Statements, filed July 30, 2010 (**Doc. 35**), following a hearing on the matter. Having considered oral argument of counsel, the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

### Background

On or about February 17, 2010, brothers Irvin and Harold Suina, Jr. were severely beaten at their home located between Counselor and Ojo Encino, New Mexico on the Navajo Indian Reservation. As a result of the attack, the brothers suffered multiple traumatic injuries. Following an investigation which included witness interviews, Defendant was arrested on March 23, 2010 for aggravated assault on the Suina brothers.

Defendant Begay was interviewed by FBI Special Agents Marcus McCaskill ("Agent McCaskill") and David Backlund (Agent Backlund") at the FBI field office located in Albuquerque, New Mexico. The interview was tape recorded. Prior to the interview, Defendant Begay was read his constitutional rights, including his right not to speak and his right to an

attorney. Defendant Begay agreed to speak with the agents and read and signed a waiver of his rights. Defendant made incriminating statements and admissions, including a note of apology in which he stated that things "got out of hand" and that he "started to hit" the victims.  Doc. 35-1.

Defendant contends that the statements made during the interview are involuntary and inadmissible, asserting that law enforcement officers made improper promises of leniency which overbore Defendant's will, and also badgered Defendant into making involuntary statements which he did not want to make.  Defendant also claims that the probative value of such evidence is outweighed by its prejudicial value under Rule 403.

The Court was provided a copy of the tape, as well as a transcript of the interview, both of which became exhibits for the hearing. Agents McCaskill and Backlund testified as witnesses at the hearing.

## Discussion

In determining whether a particular confession is coerced, we consider the following factors: (1) the age, intelligence, and education of the defendant; (2) the length of the detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subjected to physical punishment. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).  The determination of voluntariness is based on the totality-of-the-circumstances; none of the single factors listed above is determinative.  *Id*.  The Court considers all the circumstances surrounding a defendant's interrogation, including the particular defendant's characteristics.  *Id*., *cited in U.S. v. Glover*, 104 F.3d. 1570, 1579 (10th Cir. 1997).

During the taped interview, the agents exhorted Defendant to tell the truth and that things could be worked out if he told the truth; that talking about what happened was not going to make

things worse – it would make things better.  Defendant was asked to "take responsibility for the mistakes" that he made; and that it was a "bad idea to be sticking to the "I-don't-remember story."[1]  The agents also described lawyers in the United States Attorney's office as "a bunch of rich, overly educated Harvard lawyers" who were willing to make up a story about what happened and blow things way out of proportion.  While these statements were obviously intended to persuade Defendant to start talking about the incident, they were vague and non-committal and do not constitute promises of leniency.  Defendant was not told he would serve a particular sentence if he confessed, as opposed to what sentence would be imposed if he did not confess.  *See U.S. v. Lopez*, 437 F.3d 1059, 1064-65 (10th Cir. 2006) (finding confession involuntary where agent promised defendant that he would spend fifty-four fewer years in prison if he would confess to killing victim by mistake).  The agents urged Defendant to tell the truth because, as one of the agents testified, things generally went better if you told the truth – both in a cathartic way, and only possibly with regard to a defendant's treatment by the court.  *See U.S. v. Glover*, 104 F.3d 1570, 1582 (10th Cir. 1997) (promise to bring deft's cooperation to court's attention not coercive), *overruled on other grds by Corley v. U.S*. 129 S.Ct. 1558 (2009).

      One of the agents told Defendant that he had the feeling that Defendant was a "good guy" and that things had just gotten out of control.  Defense counsel questioned the sincerity of these remarks made to Defendant, which the Court finds curious but not dispositive to the analysis.  *See Clanton v. Cooper*, 129 F.3d 1147 (10th Cir. 1997) (noting that lies made to a suspect are not unconstitutional in themselves); *United States v. Rutledge*, 900 F.2d 1130 (7th Cir.1990) (holding that police manipulation does not render ensuing statements involuntary unless officers

---

[1] Defendant's brief references the appropriate citations on the tape for these statements.

3

"magnify those fears, uncertainties, and so forth to the point where rational decision becomes impossible.").

During the first five minutes of the interview, Defendant was assured that he did not have to talk to the agents. Defendant urges the Court to consider that he is a 33 year-old man who did not complete high school; who is an enrolled member of the Navajo Nation whose native language is Navajo; and who was arrested in the past for various offenses, but never subjected to any form of custodial interrogation prior to March 23, 2010. On the other hand, as the Government points out, Defendant does not have below-average intelligence and claimed that he had no trouble reading or writing English. Indeed, from the Court's review of the tape and transcript, Defendant does not appear to have any difficulty with the English language which would impair the voluntariness of his statements. Defendant was not handcuffed during the interview, which was approximately 45 minutes long and there was no indication of threats by agents.

## Conclusion

In sum, the Court finds and concludes that Agents McCaskill and Backlund did not make improper promises of leniency to Defendant or badger Defendant during the interview, rendering Defendant's statements during the interview to be coerced or involuntary.

Further, I find and conclude that Defendant's statements made during the interview, pass the balancing test under Fed.R.Evid.403 in that the statements are not unduly prejudicial so as to outweigh their probative value. They do not trigger an emotional response or tend to affect adversely a jury's attitude toward Defendant apart from judgment as to guilt or innocence. *See U.S. v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001).

The Defendant's Motion to Suppress is **DENIED**.

**SO ORDERED**.

*[signature]*
UNITED STATES DISTRICT JUDGE